## LORD et al. v. CITY OF SALEM et al.

### (District Court, D. Oregon. July 31, 1922.)

### No. E–8605.

1. **Municipal corporations ⊕514(1)—Property may be reassessed to cover cost of local improvements, where original assessment has failed through irregularity of proceedings.**

A reassessment under proper authority and appropriate regulations, in the absence of fraud or criminality on the part of city officials, may be had to cover the cost of local improvements which have been made, where through some irregularity of proceedings the original assessment to cover such costs has failed, or has been declared null and inoperative.

2. **Constitutional law ⊕137—Municipal corporations ⊕407(1)—Reassessment of abutting property for local improvement not violative of contract rights.**

Reassessment of property for cost of improvement, after original assessment had been declared void because of irregularity of proceedings, did not impair abutting owner's contract rights, in violation of Const. art. 1, § 10, since special assessments for local improvements are not based on the principles of contract, and afford no contractual relations between the city and the abutting property holder.

3. **Courts ⊕299—Bill alleging impairment of constitutional rights, without setting out facts to support conclusions, held insufficient to give jurisdiction.**

Bill to enjoin the foreclosure of certificates of delinquency to enforce payment of assessment for street improvement, alleging that the assessment ordinance is void, that the certificates of delinquency constitute a cloud on complainants' title, and would deprive them of their property without due process of law, and deny them the equal protection of the law, in violation of Const. Amend. 14, *held* insufficient to give the federal court jurisdiction, on the theory that a constitutional question is involved, in the absence of allegations of facts to support such conclusions.

In Equity. Suit by Juliet M. Lord and another against the City of Salem and another. On motion to dismiss for want of jurisdiction. Motion sustained.

The complainants herein, being the owners of real property affected by a local street assessment, seek to enjoin the foreclosure of certificates of delinquency to enforce payment of the assessment, claiming, among other things, that they are being deprived of their property without due process of law and of the equal protection of the law, in violation of the Fourteenth Amendment of the federal Constitution, and in impairment of their contract rights, contrary to the provisions of section 10, art. 1, of such Constitution.

It appears that a street assessment had been made for an improvement under the charter and ordinances then obtaining; that a suit was instituted in the local court to annul the assessment, because of irregularities attending the proceedings by which it had been declared and levied, and for want of appropriate notice given as required in such proceedings, which resulted in a decree annulling and declaring void such assessment. It further appears that thereafter the city charter was amended by initiative, granting the common council power to reassess the cost of any improvement that had been theretofore or might thereafter be set aside, annulled, or declared or rendered void. In pursuance of the amended charter, an ordinance was adopted for assessing the proportionate share of the benefits derived from the costs of improving the street in question upon the property benefited thereby. In pursuance of the ordinance, a reassessment was made and certificates of delinquency were issued against the property of complainants, and it is these that the respondent Montague-O'Reilly Company is seeking to enforce.

It is alleged that said assessment ordinance is void, and, if said certificates

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of delinquency are permitted to be foreclosed, complainants' title will be clouded, and they will be deprived of their property without due process of law, and denied the equal protection of the law, and their contract will be impaired, in violation of the Fourteenth Amendment and section 10, art. 1, of the Constitution of the United States, in that a new section was added to the city charter, giving the common council certain powers respecting new or reassessments, which section is set out in part. It is further alleged that said method of assessment furnishes no basis for the levy of an assessment, and is unequal and discriminatory; that at the time of the amendment of the charter there were two streets in the city which had been improved, and the assessments levied with respect thereto annulled and set aside by the court; that there were no other improvements then pending before the common council which were subject to be held void and for which abutting property could be assessed, and it was fixed in said amendment that the common council should have no power to reassess the cost of any improvement thereafter made, wherein a remonstrance sufficient in law to defeat the original improvement had been filed; the effect of said provision being to limit the right to reassess for the cost of construction of the two streets so improved, which is class legislation, arbitrary, and a denial of equal protection of the law; further, that complainants had a vested right of remonstrance against any improvement intended to be made, and depriving them of such right in connection with the reassessment is an impairment of the obligation of contract inhibited by the Constitution, and the court found that the levy of any assessment on account of said improvement would be a fraud upon complainants.

The jurisdiction of the court and the sufficiency of the bill in equity are challenged by motion to dismiss.

Wm. P. Lord, of Portland, Or., and John H. Carson, of Salem, Or., for complainants.

Ray L. Smith, City Atty., of Salem, Or., for defendant city of Salem.

W. C. Winslow, of Salem, Or., for defendant Montague-O'Reilly Co.

WOLVERTON, District Judge (after stating the facts as above). The only ground upon which the jurisdiction of the court can be sustained is that a federal question is involved.' There are allegations in the bill that affirm that what was and is being done is contrary and inimical to certain clauses of the Constitution. This raises a federal question, unless it be that such allegations are merely conclusions, and not supported by averments of fact to sustain them.

[1] It is now too well settled for controversy that, with respect to special assessments, a reassessment under proper authority and appropriate regulations, in the absence of fraud or criminality on the part of the city officials, may be had to cover the cost of local improvements which have been made, where, through some irregularity of proceedings, the original assessment to cover such costs has failed, or has been declared null and inoperative. City of Seattle v. Kelleher, 195 U. S. 351, 359, 25 Sup. Ct. 44, 46 (49 L. Ed. 232); Phipps v. Medford, 81 Or. 119, 156 Pac. 787, 158 Pac. 666; Wagoner v. City of La Grande, 89 Or. 192, 173 Pac. 305; Brown v. Silverton, 97 Or. 441, 190 Pac. 971. The principle is tersely stated in Seattle v. Kelleher:

"Whatever the Legislature could authorize, if it were ordering an assessment for the first time, it equally could authorize, notwithstanding a previous invalid attempt to assess. The previous attempt left the city free 'to take

such steps as were within its power to take, either under existing statutes, or under any authority that might thereafter be conferred upon it, to make a new assessment.' "

·[2] Nor are special assessments based upon the principles of contract, and they afford no contractual relations between the city and the abutting property holder affected by such assessments. Brown v. Silverton, supra, 97 Or. 454, 190 Pac. 975.

· [3] The bare averment that said assessment ordinance is void, and that the certificates of delinquency constitute a cloud upon complainants' title, and would deprive them of their property without due process of law, and deny them equal protection of the law, etc., is a conclusion, without the averment of pertinent facts to support it.

In the same relation, reference is made to section 1 of the charter amendment, showing the provisions thereof in part; but such provisions relate only to the additional powers granted for making a new assessment. The averment that said method of assessment furnishes no basis for any assessment, and that no definite standard has been fixed for any assessment of benefits that might accrue to the property by reason of the improvement, leaves the court without information of definite or issuable facts upon which to predicate the conclusion affirmed. A reference to the charter amendment alluded to informs us that it is simply a grant of power to the common council to make reassessment for an improvement that has benefited adjacent property. Having such power, the common council is authorized to adopt the procedure for making the assessment. This procedure we may assume that body devised and adopted by the ordinance the title of which is given in the bill; but we are not informed by the allegations of the bill what it was, nor are we informed wherein it was faulty, nor in what respect it was not followed in making the reassessment complained of. So it is there is no adequate statement of fact whereby the court can say that complainants' constitutional rights have been intrenched upon or violated.

The fact that there were no other improvements to which the regulation for reassessment would apply, except upon the two streets mentioned, would not render it unequal and discriminatory, providing it was general in its scope. Of this we are not advised, as the regulation has not been produced or otherwise alluded to. Nor do we conceive it to be class legislation that the common council was not given the power by the amendment to reassess for cost of improvement thereafter made, wherein a remonstrance sufficient in law to defeat the original improvement had been filed. Furthermore, it does not appear from the bill that such a remonstrance had originally been filed to the improvement made. And, again, the alleged fact that the court found that the levy of any assessment on account of said improvement would be a fraud upon complainants is not the equivalent of an averment of fraud and criminality on the part of the city officials in making the improvement and assessment.

From a careful examination of the bill, it is apparent that it contains no adequate statement of a federal question by which this court can entertain jurisdiction, and the motion is therefore sustained.